UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ALFRED EVANS,

        Petitioner,

v.

CHARLES L. LOCKETT,

        Respondent.

Civil Action No. 17-2619 (ABJ)

## MEMORANDUM OPINION

This matter is before the Court on Alfred Evans's Petition for Writ of Habeas Corpus and Attached Appendix Pursuant to 28 U.S.C. § 2254, [Dkt. # 1] ("Pet."), which the government has opposed. *See* Government's Resp. to Pet'r's Pet. for a Writ of Habeas Corpus [Dkt. # 16] ("Gov.'s Resp.") and Pet'r's Reply [Dkt. # 19] ("Reply"). Because the petition is time-barred, the petition will be denied.

## BACKGROUND

On February 28, 2007, petitioner and his then co-defendant, Frank Johnson, were charged in the District of Columbia Superior Court with first-degree murder while armed, second-degree burglary while armed, first-degree murder while armed (felony-murder), three counts of possession of a firearm during the commission of a crime of violence, and possession of an unlicensed firearm. Pet. at 5. At trial, Johnson was convicted of all counts, but petitioner was convicted of felony-murder predicated upon the second-degree burglary count and acquitted of the other six counts. App. to Pet. [Dkt. # 1-1] ("App.") at 16–17. Following the verdict, petitioner and Johnson jointly moved for a new trial after discovering that an excluded piece of evidence had

been improperly submitted to the jury, and the court granted the motion. Pet. at 5. At that point, the co-defendants' cases were severed at the request of the government. *Id.* at 6.

The government proceeded against petitioner on the charge of first-degree felony murder and a newly added charge of obstruction of justice. Pet. at 5. On June 20, 2009, petitioner filed a motion to dismiss the felony-murder charge, arguing that the charge was collaterally estopped and that a retrial would violate the Double Jeopardy Clause of the Fifth Amendment. *Id*. at 6. The Superior Court denied the motion on October 9, 2009, App. at 24, and petitioner appealed (the "Interlocutory Appeal"). Pet. at 6. The D.C. Court of Appeals affirmed the trial court's decision on January 28, 2010. *Evans v. United States*, 987 A.2d 1138 (D.C. 2010).

On April 1, 2011, the jury found petitioner guilty of both obstruction of justice and felony murder. Pet. at 6. On October 7, 2013, petitioner's convictions were affirmed on direct appeal. App. at 86–93. Petitioner did not file a petition for writ of certiorari with the Supreme Court following the affirmance. Pet. at 6.

While the direct appeal of his conviction was pending, though, petitioner filed a motion with the D.C. Court of Appeals to recall the mandate. *Id.* In it, he argued that appellate counsel was ineffective with respect to the Interlocutory Appeal. *Id.* On December 31, 2013, the D.C. Court of Appeals denied the motion. App. at 94.

Petitioner also filed a motion to vacate his sentence under D.C. Code § 23-110[1] on July 8, 2013, asserting ineffective assistance of counsel. App. at 80. The Superior Court denied the motion on September 10, 2013. *Id*. at 80–85. The D.C. Court of Appeals affirmed the denial on February 9, 2015, *id.* at 95, and a motion for rehearing *en banc* was denied on April 8, 2015. App. at 95–103.

---

1     D.C. Code § 23-110 is essentially the local equivalent of 28 U.S.C. § 2255.

While the first § 23-110 appeal was pending, petitioner filed a second § 23-110 motion based on an asserted change in the law regarding collateral estoppel. Pet. at 6. The D.C. Court of Appeals affirmed the Superior Court's denial of the second § 23-110 motion on January 11, 2016, Ex. 4 to Gov.'s Resp. [Dkt. # 16-4], and petitioner's motion for a rehearing *en banc* was denied on March 23, 2016. Gov.'s Resp. at 4.

On March 31, 2016, the D.C. Court of Appeals issued its mandate. Petitioner then filed a petition for writ of certiorari challenging the denial of the second § 23-110 motion, which was denied by the Supreme Court on December 5, 2016. Pet. at 7; App. at 104. Petitioner filed the instant Petition for a Writ of Habeas Corpus in this Court on December 4, 2017.

## ANALYSIS

Petitioner argues here that his appellate counsel was ineffective when the Interlocutory Appeal was filed in 2009. *See generally* Pet. at 27–40. The appeal challenged the Superior Court's refusal to dismiss the second first-degree murder prosecution on collateral estoppel and double jeopardy grounds. Petitioner complains that his lawyer should have argued on appeal that the original conviction for felony murder and acquittals on the burglary and firearms counts were actually consistent, and therefore the retrial was barred by the doctrine of collateral estoppel. In light of that omission, petitioner contends that appellate counsel's performance fell below the constitutionally required standard. The government opposes the petition on the grounds that it comes too late, and it argues that the Court should summarily deny the petition without addressing the merits of the collateral estoppel issue that has already been heard by the District of Columbia Courts.

A claim of ineffective assistance of appellate counsel is reviewed "under the standard set forth in 28 U.S.C. § 2254." *Williams v. Martinez*, 586 F.3d 995, 1002 (D.C. Cir. 2009). Section 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A federal court does not grant a habeas petition unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* § 2254(b)(1).

An individual convicted in and sentenced by the Superior Court of the District of Columbia is considered a state prisoner for § 2254 purposes. *See Smith v. United States*, No. 00–5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam) (stating that a "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a challenge to a Superior Court conviction is "properly brought under 28 U.S.C. § 2254.").

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1–year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 451 (D.C. Cir. 2001) (citation omitted). And "[c]ourts have generally

applied the same analysis to time limitations in § 2254 and § 2255." *United States v. Cicero*, 214 F.3d 199, 203 n.* (D.C. Cir. 2000) (citations omitted).

The limitation period for the filing of a petition under § 2254 is set forth in § 2244. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 11 (D.D.C. 2013). The period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Review is pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The one-year statute of limitations is not tolled during the pendency of a petition for writ of certiorari to the Supreme Court, because "[s]tate review ends when the state court has issued its mandate or denied review," and the Supreme Court is "not a part of a 'State's post-conviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007).

Petitioner did not file a writ of certiorari directly challenging the conviction, and therefore his conviction became final on January 6, 2014.[2] But, because petitioner collaterally attacked his

---

[2] The D.C. Court of Appeals affirmed petitioner's conviction on direct appeal on October 7, 2013. Pet. at 6.

5

conviction under D.C. Code § 23-110 and appealed the trial court's determinations, the limitations period was tolled during the pendency of petitioner's collateral appeals in the D.C. courts. *See* 28 U.S.C. § 2244(d)(2). The D.C. Court of Appeals denied petitioner's second § 23-110 motion on January 11, 2016, Pet. at 6, and denied his petition for rehearing *en banc* on March 23, 2016. Gov.'s Resp. at 4. The D.C. Court of Appeals issued the mandate on March 31, 2016. *Id.* Thus, respondent maintains that petitioner exhausted "[s]tate post-conviction or other collateral review" on March 31, 2016, and accordingly, the one-year limitations period began to run on March 31, 2016 and concluded on March 31, 2017. *Id.* at 12–13. Petitioner filed this petition a little more than eight months later, on December 4, 2017, and so respondent argues it should be dismissed as time-barred.

Petitioner asserts that his petition is timely because the Supreme Court denied his petition for writ of certiorari on December 5, 2016, and therefore he had one year from that date to file a federal habeas petition. *See* Pet. at 1. The Supreme Court's decision in *Lawrence v. Florida* squarely addresses this issue, and the precedent establishes that petitioner's approach to the application of the statute of limitations is incorrect. 549 U.S. at 333–36. In *Lawrence*, the petitioner filed for state post-conviction relief 364 days after the Supreme Court denied certiorari to review an appellate decision upholding his sentence and conviction. *Id.* at 330. The state court denied relief, and thereafter, petitioner filed a petition for writ of certiorari in the Supreme Court to review the state court's denial. *Id.* While that petition was pending, petitioner filed a federal habeas petition in a Florida district court. *Id.* The district court found that the petition was untimely: the one year limitations period had been tolled during petitioner's pursuit of state post-conviction procedures, but after the state court issued its mandate, petitioner had one day to file his federal habeas petition and failed to do so. The Eleventh Circuit affirmed. *Id.* Petitioner

appealed to the Supreme Court, arguing that the pendency of his petition for writ of certiorari to the Supreme Court had also tolled the statute of limitations. The Supreme Court held that the limitations period is only tolled during the pendency of state post-conviction procedures, because § 2244(d)(2) only refers to "*State* post-conviction or collateral review." *Id.* at 333 (emphasis in original). Thus, in this case, the statute of limitations was not tolled by petitioner's petition for writ of certiorari to the Supreme Court, and the limitations period began to run on the date the state court completed its post-conviction review: March 31, 2016.

Petitioner argues in addition that the Court should find that the limitation period should be tolled on equitable grounds.[3] Reply at 2.[4] He claims that "appellate counsel was ineffective in filing the current § 2254 motion after the one-year limitation period expired," and that "[c]ounsel's ignorance of the law . . . should not be allowed to bar this meritorious challenge." Second Reply at 19.

A limitations period may be subject to equitable tolling where the defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted); *see Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006), citing *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990) (finding that

---

3    In *Lawrence v. Florida*, the Supreme Court noted that it had not yet decided whether § 2244(d) allows for equitable tolling. 549 U.S. at 336. Without deciding that it does, the Supreme Court proceeded to equitable tolling arguments. *Id.* Likewise, the Court will entertain petitioner's equitable tolling arguments without deciding whether these arguments are allowed by the statute.

4    Petitioner also filed another reply *pro se* on November 16, 2018. *See generally* Pet'r's Second Reply to Gov.'s Resp. [Dkt. # 22] ("Second Reply"). In this second reply, petitioner reiterates the arguments in the petition and the first reply.

equitable tolling is denied "where the [petitioner] failed to exercise due diligence in preserving his rights" or showed only "a garden variety claim of excusable neglect").

"To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been beyond its control." *Head v. Wilson*, 792 F.3d 102, 107 (D.C. Cir. 2015) (citation omitted). Thus, the untimely filing "cannot be a product of that litigant's own misunderstanding of the law or tactical mistakes in litigation." *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014). Although the Supreme Court has stated that equitable tolling must be applied flexibly, on a case-by-case basis, *see Holland*, 560 U.S. at 649, courts have consistently held that "[w]hen a deadline is missed as a result of a 'garden variety claim of excusable neglect' or a 'simple miscalculation,' equitable tolling is not justified." *Menominee*, 764 F.3d at 58, quoting *Holland*, 560 U.S. at 651.

Here, there is no question that petitioner has pursued his rights diligently. In his petition and reply, he details his efforts to seek relief in the D.C. Courts on direct appeal and under § 23-110. *See* Pet. at 5–7; Reply at 8. Given the extensive procedural history and series of appeals raised by petitioner in this case, petitioner's pursuit of his rights may be characterized as diligent. However, since petitioner fails to show that some extraordinary circumstance prevented a timely filing, the record does not support equitable tolling in this case.

Petitioner supplies records to show that counsel gave him incorrect information regarding the appeals that led to the untimely filing of the instant petition. *See* Reply at 5–7. Petitioner points to communications with his lawyer where the lawyer advised that the Supreme Court was petitioner's only remaining avenue for relief following the denial of the second § 23-110 appeal by the D.C. Court of Appeals and omitted any mention of federal habeas. *See id.* at 5, App. O. In a letter dated January 16, 2017, counsel told petitioner that the Supreme Court had denied his

petition and stated: "I do not believe there is anything I can do for you at this point. This concludes my representation of you on this case." *Id.* at 6, App. T. Petitioner characterizes these communications as instances where counsel "affirmatively [misled]" him. *Id.* at 7, 4, citing *United States v. Martin*, 408 F.3d 1089, 1094 (8th Cir. 2005).

Petitioner's consternation is well-founded. But the authority he cites suggests that counsel's legal mistake does not rise to the level of serious professional misconduct or deliberate misrepresentation to qualify as an "extraordinary circumstance" that would justify equitable tolling. *See, e.g.*, *Martin*, 408 F.3d at 1094–95 (8th Cir. 2005) (tolling justified where attorney "consistently misled" the defendant, advised him "that there was no such thing as a one-year filing deadline," failed to communicate with his client, and falsely assured the his client that a habeas petition had been filed when in fact it had not); *Nara v. Frank*, 264 F.3d 310, 319–20 (3d Cir. 2001) (finding that tolling may be justified, and ordering an evidentiary hearing on the issue, where petitioner's mental health issues may have interfered with his ability to assist his attorney, and his attorney failed to inform him when state court proceedings concluded, refused to remove herself from his case, and led him to believe that she would file a habeas petition on his behalf but failed to do so); *Baldayaque v. United States*, 338 F.3d 145, 150–52 (2d Cir. 2003) (finding that tolling may be justified where petitioner asked counsel to file a 2255 petition, and counsel failed to do so and made no effort to speak to or meet petitioner).

Here, the record reflects that counsel was unaware of the possibility of pursuing habeas review in federal court until after the limitations period had expired: In a letter to petitioner dated May 12, 2017, counsel writes: "I just learned something about the law I had not known before." Reply, App. U. And, in a sworn statement submitted to the Court, counsel states that he was "unaware of the availability of federal habeas review," and he was "under the assumption that

9

Evans's conviction did not become final until after the denial of his petition for writ of certiorari." Reply, App. V ¶ 2. It is evident that counsel's lateness in filing the petition was not the product of consistent misrepresentation or serious professional misconduct, but the result of a "misunderstanding of the law" or a "mistake[] in litigation" which does not warrant equitable tolling. *Menominee*, 764 F.3d at 58.

Indeed, in *Lawrence v. Florida*, the petitioner also argued that equitable tolling should apply because there was confusion in the law about what would toll the limitation period, and his counsel mistakenly believed that it would only begin to run after the Supreme Court denied a petition for writ of certiorari. The Supreme Court rejected these arguments: "The settled state of the law at the relevant time belies any claim to legal confusion," and "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." 549 U.S. at 336. Given that binding precedent, the Court is compelled to find that the attorney's misunderstanding of settled law is not enough to toll the statute of limitations.

## CONCLUSION

Since the limitations period under § 2244(d) expired on March 31, 2017 – one year after the D.C. Court of Appeals issued its mandate in response to petitioner's second § 23-110 appeal – the petition for a writ of habeas corpus in this case was filed too late, and it is hereby denied.

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: March 1, 2019